ELLENOFF GROSSMAN & SCHOLE LLP
Amanda M. Fugazy
afugazy@egsllp.com
1345 Avenue of the Americas, 11th Floor
New York, NY 10105
(212) 370-1300 (telephone)
(212) 370-7889 (facsimile)

*Attorneys for Defendants Reed Smith LLP, Jennifer Achilles and Michael Lowell*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AARON CHASE,

        Plaintiff,

  -against-

REED SMITH LLP, JENNIFER ACHILLES and
MICHAEL LOWELL, in their individual and
professional capacities,

        Defendants.
-------------------------------------------------------------------X

Case No. 20-CV-06121 (JPO)

**ANSWER TO COMPLAINT**

Defendants Reed Smith LLP ("Reed Smith"), Jennifer Achilles ("Ms. Achilles") and Michael Lowell ("Mr. Lowell") (collectively "Defendants"), by and through their undersigned attorneys, answer the Complaint of Plaintiff Aaron Chase ("Mr. Chase") as follows:

## AS TO THE PRELIMINARY STATEMENT

1. Defendants deny the allegations contained in Paragraph 1 of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint, except admit that Mr. Chase began his tenure at Reed Smith on October 6, 2017 and Mr. Chase was promoted to counsel on December 14, 2018, which took effect in January 2019.

3. Defendants deny knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in Paragraph 3 of the Complaint except admit that Mr. Chase took vacation in September 2019 and returned to work on September 23, 2019.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint except admit that Mr. Chase told Ms. Achilles about his injury.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint except admit that Mr. Chase made an error and Ms. Achilles met with him to discuss the error and other performance problems.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint except admit that Ms. Achilles told Mr. Chase that she no longer wanted to work with him and specifically aver that any performance assessment was not related to Mr. Chase's injury or alleged disability.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint except admit that Mr. Chase began a medical leave on October 24, 2019.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint except admit that Mr. Chase returned from medical leave on February 27, 2020.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint except admit that Mr. Chase sought billable work.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint except admit that Mr. Chase was terminated on May 8, 2020.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 14 of the Complaint.

### AS TO JURISDICTION AND VENUE

15. Paragraph 15 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations contained in Paragraph 15 of the Complaint and refer all questions of law to the Court.

16. Paragraph 16 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations contained in Paragraph 16 of the Complaint and refer all questions of law to the Court.

### AS TO ADMINISTRATIVE PROCEDURES

17. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint.

### AS TO PARTIES

20. Paragraph 20 of the Complaint contains a legal conclusion to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Mr. Chase resides in Brooklyn, New York and admit that Mr. Chase was employed in the Reed Smith office located 599 Lexington Avenue, New York, NY 10022.

21. Paragraph 21 of the Complaint contains a legal conclusion to which no response is

required. To the extent a response is required, Defendants deny the allegations in Paragraph 21 of the Complaint except admit that Reed Smith is registered in Delaware.

22. Paragraph 22 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 22 of the Complaint except admit that Ms. Achilles is a Partner at Reed Smith.

23. Paragraph 23 of the Complaint contained a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 23 of the Complaint except admit that Mr. Lowell is a Partner at Reed Smith and was for a period of time a practice group leader for the practice area in which Mr. Chase worked.

## AS TO FACTUAL ALLEGATIONS

### I.    As To Mr. Chase's Professional Background

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint except admit that Mr. Chase began as an associate on or around October 6, 2017.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint except admit that Mr. Chase was promoted to counsel on December 14, 2018 and admit that Ms. Ryan's email regarding over seventy-five (75) attorneys who received promotions stated: "These

promotions result from [each attorney's] outstanding legal skills and client service, their high levels of productivity, and their strong firm citizenship. They have each made valuable contributions to the success of our business, and we are confident they will continue to do so."

## II.  As to Mr. Chase Suffers a Concussion and Faces Animus

30. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Complaint except admit that Mr. Chase was on vacation from work on September 12, 2019 and returned to work on September 23, 2019.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint except admit in or around late September/early October 2019, Mr. Chase told Mr. Achilles that he had a concussion.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants admit the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint except admit that Ms. Achilles responded to the U.S. Attorney's Office that they would work on the response to the additional requests and that on or around that day, Mr. Chase and Ms. Achilles had lunch at Barilla and that Mr. Chase mentioned his concussion.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint except admit that Ms. Achilles instructed Mr. Chase not to produce a specific document at that time.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint

except deny knowledge or information sufficient to form a belief as to the truth or falsity of what Mr. Chase believed.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 except admit that the email that Ms. Achilles instructed Mr. Chase not to produce was in the production.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint except admit that Ms. Achilles met with Mr. Chase to discuss his error and other performance issues including the fact that Mr. Chase made a similar error prior to his concussion.

41. Defendants admit the allegations contained in Paragraph 41 of the Complaint.

42. Defendants admit the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint and specifically aver that there was no connection between the performance issues raised with Mr. Chase and his injury or alleged disability.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 of the Complaint except admit that Ms. Achilles told Mr. Chase she would no longer work with him on billable matters and that Mr. Chase stated he would look for a job elsewhere.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of the Complaint except admit that Mr. Chase took a half-day of sick leave on October 23, 2019 and began a medical leave on October 24, 2019.

51. Defendants admit the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint except admit that Mr. Lowell had a telephone call with Mr. Chase and Mr. Chase asked why he did not receive his full 2019 bonus. Mr. Lowell explained to Mr. Chase that he had not received the full 2019 bonus because he had repeatedly violated firm policy on time entry

53. Defendants admit the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint except admit that Mr. Chase returned from leave on February 27, 2020.

55. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants admit the allegations contained in Paragraph 59 of the Complaint.

60. Defendants admit the allegations contained in Paragraph 60 of the Complaint.

61. Defendants admit the allegations contained in Paragraph 61 of the Complaint.

62. Defendants admit the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint except admit that Mr. Chase updated Mr. Lowell.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint except admit that Mr. Chase received work from a partner in the Labor and Employment Group.

66. Defendants admit the allegations contained in Paragraph 66 of the Complaint.

67. Defendants admit the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

### III.   As To Mr. Chase Is Unlawfully Terminated

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint except admit that Mr. Chase was terminated on May 8, 2020.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint except admit that Mr. Lowell told Mr. Chase that his termination was not related to the current economic situation or the COVID-19 pandemic and specifically aver that Mr. Chase's termination was not related to his medical leave.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants admit the allegations contained in Paragraph 72 of the Complaint.

73. Defendants admit the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegation contained in Paragraph 75 of the Complaint.

76. Defendants admit the allegations contained in Paragraph 76 of the Complaint.

### AS TO THE FIRST CAUSE OF ACTION
**(Retaliation in Violation of the FMLA)**
*Against All Defendants*

77. Defendants incorporate by reference their responses to each and every allegation in the preceding paragraphs as though fully set forth herein.

78. Paragraph 78 of the Complaint states a legal conclusion to which no response is

required. To the extent a response is required, Defendants admit that Plaintiff was a full-time employee of Reed Smith and worked at least 1,250 hours in any 12-month period and refer all questions of law to the Court.

79. Paragraph 79 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that Reed Smith employs 50 or more employees in at least 20 calendar weeks within a 75 mile radius of the Firm's office where Mr. Chase worked and refer all questions of law to the Court.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION
**(Unlawful Interference in Violation of the FMLA)**
*Against All Defendants*

82. Defendants incorporate by reference their responses to each and every allegation in the preceding paragraphs as though fully set forth herein.

83. Paragraph 83 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit the allegations and refer all questions of law to the Court.

84. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION
**(Disability Discrimination in Violation of the NYSHRL)**
*Against All Defendants*

86. Defendants incorporate by reference their responses to each and every allegation in the preceding paragraphs as though fully set forth herein.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

## AS TO THE FOURTH CAUSE OF ACTION
### (Disability Discrimination in Violation of the NYCHRL)
*Against All Defendants*

91. Defendants incorporate by reference their responses to each and every allegation in the preceding paragraphs as though fully set forth herein.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

## AS TO THE PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in the "Prayer for Relief".

## FIRST AFFIRMATIVE DEFENSE

96. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

97. Plaintiffs' claims against the Mr. Lowell and Ms. Achilles should be dismissed because they are not employers within the meaning of the applicable statutes.

## THIRD AFFIRMATIVE DEFENSE

98. Upon information and belief, Plaintiff has failed to act reasonably to mitigate his alleged damages as required by law.

## FOURTH AFFIRMATIVE DEFENSE

99. Defendants had legitimate non-discriminatory business reasons for terminating Plaintiff's employment.

## FIFTH AFFIRMATIVE DEFENSE

100. Defendants reserve the right to raise additional affirmative defenses upon the discovery of additional information not now known.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request the following relief:

A. Dismissal of all of Plaintiffs' claims, with prejudice, and entry of judgment in favor of Defendants;

B. An award of the costs of defending this action, including reasonable attorneys' fees; and

C. All other legal and equitable relief that this Court deems just and proper.

Dated: October 2, 2020
New York, New York

Respectfully submitted,

ELLENOFF GROSSMAN & SCHOLE LLP

By: _____
Amanda M. Fugazy
Mitchell F. Borger
Maria Louisa Bianco
1345 Avenue of the Americas, 11th Floor
New York, New York 10105
(212) 370-1300 (tel.)
(212) 370-7889 (fax)
Email: afugazy@egsllp.com

*Attorneys for Defendants*